UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEASHON GILLAM

    Plaintiff,

CITY OF NEW YORK,
CHRISTOPHER PARCO #9161
JOHN & JANE DOE ## 1-10

    Defendants.

------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

12-cv-6210

    Plaintiff, by his attorney allege the following upon personal knowledge and information and belief:

### NATURE OF ACTION

1.     This action is brought by plaintiff to recover damages for excessive use of force and false arrest.

### THE PARTIES

2.     Plaintiff is a resident of Staten Island, New York.

3.     The City of New York is a municipal corporation whose residence is in all five counties of New York City and is deemed to reside in Manhattan per 28 U.S.C. § 1391(c). Defendants Parco and John and Jane Does ## 1-10 are employees of the New York City Police Department.

### JURISDICTION AND VENUE

4.     Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

1

5. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction, and all of the claims and omissions occurred in this jurisdiction.

### FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF' CLAIMS

6. On 10/08/2011, the plaintiff was doing nothing to arouse suspicion, and was told by a police officer to get up against the wall.

7. He was cuffed and forcibly taken down to the ground, at which time another officer smashed him on the head with a walkie talkie.

8. He was arrested for bogus charges, including but not limited to resisting arrest and disorderly conduct, and released.

9. After he was taken to Staten Island University Hospital and diagnosed with a concussion and had staples put into his head.

10. The matter is being investigated by the CCRB and the internal affairs bureau, # 11-54564. His criminal case is still pending, and he files this case for the express purpose of complying with the General Municipal Law. He demands relief.

### FIRST CAUSE OF ACTION
### EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983

11. Plaintiff repeat and realleges the previous allegations as if fully set forth herein.

12. Acting under color of state law, defendants used excessive force in detaining plaintiff in draconian conditions.

13. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## SECOND CAUSE OF ACTION
## FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

14. Plaintiff repeats and reallegess each and every previous allegation

15. Each and every individual defendant had an affirmative duty to intervene on Plaintiff' behalf to prevent the violation of her constitutional rights.

16. The individual defendants failed to intervene on plaintiff' behalf to prevent the violation of her constitutional rights incurred by the use of excessive force against her, and excessive detention, despite having had a realistic opportunity to do so.

17. As a result of the aforementioned conduct of the individual defendants, plaintiff' Constitutional rights were violated.

## THIRD CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983
## AND AGAINST THE CITY OF NEW YORK

18. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

20.   Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the

inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from

    a. excessive use of force;

    b. stopping and search persons of color.

21. The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

22. As a result of the foregoing, plaintiff was deprived of his right to be secure in their persons, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
### DISCRIMINATORY HARASSMENT UNDER CHAPTER 6

23. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

24. Plaintiff was, and black people in general are continually harassed discriminatorily by the New York City Police Department.

24. By virtue of the foregoing, Plaintiff has been damaged and was stopped simply because he was black in a "high crime" area.

4

## FIFTH CAUSE OF ACTION
## ASSAULT

25. Plaintiff repeats and reallegess the allegations set forth in all preceding paragraphs.

26. The manner in which plaintiff was apprehended put her in immediate apprehension of battery.

27. By virtue of the foregoing, Plaintiff has been damaged.

## SIXTH CAUSE OF ACTION
## BATTERY

28. Plaintiff repeat and realleges the previous allegations as if fully set forth herein.

29. As a result of the foregoing, Plaintiff was battered, has been damaged and demands compensatory and punitive relief.

## SEVENTH CAUSE OF ACTION
## UNLAWFUL IMPRISONMENT

30. Plaintiff repeat and realleges the previous allegations as if fully set forth herein.

31. Imprisonment following an arrest and prior to arraignment is, by law, not supposed to take more than twenty-four hours.

32. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## EIGHTH CAUSE OF ACTION
## UNLAWFUL STOP
## 42 U.S.C. § 1983

33. Plaintiff repeat and realleges the previous allegations as if fully set forth herein.

34. Defendants had no probable cause to stop plaintiff Soto.

35. As a result of the foregoing, plaintiff have been damaged and demands compensatory and punitive relief.

## NINTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

36. Plaintiff repeat and realleges the previous allegations as if fully set forth herein.

37. Defendants maliciously prosecuted plaintiff because they knew they had used excessive force and retaliated against him for reporting them to internal affairs.

38. As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive relief.

## TENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983

39. Plaintiff repeat and realleges the previous allegations as if fully set forth herein.

40. Defendants maliciously prosecuted plaintiff because they knew they had used excessive force and retaliated against him for reporting them to internal affairs.

41. As a result of the foregoing, plaintiff have been damaged and demands compensatory and punitive relief.

WHEREFORE, Plaintiff demand as follows:

    A. Compensatory damages;

    B. Punitive damages to be determined by the trier of fact;

    C. Cost of suit and attorneys' fees pursuant to 42 U.S.C. § 1988 and the New York City Human Rights Law;

    D. Appropriate injunctive relief;

E. Such other relief as the Court may deem just and proper.

Dated: New York, New York
November 30, 2012

/s/
_____
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
18-20 WEST 21st STREET, SUITE 802
New York, NY 10010
(212) 334-7397